**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAMION RABURN,

Plaintiff,

v. Case No. 8:26-cv-2484-JLB-NHA

DEPARTMENT OF CHILDREN AND FAMILIES, *et al.*,

Defendants.
_________________________________/

## ORDER

Damion Raburn, a Florida pretrial detainee, filed a civil rights complaint. (Doc. 1). Mr. Raburn alleges that between August 18, 2025, and December 16, 2025, he was denied medical care and adequate living conditions while in the custody of the Hillsborough County Sheriff at the Hillsborough County Jail. (*Id.* at 9, 19–22). He also alleges that between December 16, 2025, and May 18, 2026, he was denied medical care, adequate living conditions, and adequate assistance in restoring his competency while in the custody of the Department of Children and Families at the Ibis Forensics Center. (*Id.* at 9, 11–15, 17–18).

Mr. Raburn filed a complaint in this Court on August 21, 2026, in which he alleges the same claims against the Department of Children and

Families and its employees, and that action is pending. *See Raburn v. Department of Children and Families, et al.*, Case No. 8:26-cv-2427-WFJ-SPF (M.D. Fla.). Mr. Raburn may not simultaneously litigate duplicative suits against the Department of Children and Families and its employees in two cases in this Court. Therefore, this action will be dismissed because Mr. Raburn first initiated it in Case No. 8:26-cv-2427-WFJ-SPF. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) (where actions are identical, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time").

Additionally, to the extent Mr. Raburn alleges different incidents of mistreatment at the Hillsborough County Jail, he must file a separate complaint. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." And "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citation omitted); *see also George v. Smith*, 507

F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). Here, there is no logical relationship between Mr. Raburn's claims against the defendants at the Hillsborough County Jail and the defendants at the Ibis Forensics Center.

Accordingly, the complaint in this case (Doc. 1) is **DISMISSED** without prejudice to Mr. Raburn pursuing his claims against the Department of Children and Families defendants in Case No. 8:26-cv-2427-WFJ-SPF and pursuing his claims against the defendants at the Hillsborough County Jail in a new case with a new case number. The Clerk is **DIRECTED** to terminate any pending motions as moot and close this case.

**DONE and ORDERED in Tampa, Florida, on October 19, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE